ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HILLARY JAMES JONES, III, | ) |
| | ) CASE NO. 5:04CV1146 |
| Petitioner, | ) |
| | ) |
| v. | ) Judge John R. Adams |
| | ) |
| SAMUEL TAMBI, WARDEN, | ) MEMORANDUM OPINION & ORDER |
| | ) [Resolving Doc.32] |
| Respondent. | ) |
| | ) |

On June 16, 2004, following his conviction and sentence, Petitioner Hillary James Jones, III filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 16, 2004, Respondent Samuel Tambi (Respondent) filed his Return of Writ. Magistrate Judge Gallas issued his Report and Recommendation (Report) on September 30, 2005. In his report, the Magistrate Judge recommended that Jones's petition be denied. On October 17, 2005, Jones timely filed his objection. Respondent has not filed a response. This Court, after having reviewed Jones's objections to the Magistrate Judge's Report, hereby adopts the Report and dismisses Jones's petition.

### I. Introduction

On March 14, 2002, pursuant to a plea agreement, Jones pleaded guilty in the Summit County Court of Common Pleas to felonious assault, in violation of Ohio Revised Code § 2903.11(A)(2); attempted felonious assault, in violation of Ohio Revised Code §§ 2923.02 and 2903.11(a)(2); and grand theft, in violation of Ohio Revised Code § 2913.02(A)(1).[1] Jones

---

[1] The charges of failure to comply with signal or order of police officer, possession of cocaine, no operator's license, reckless operation and failure to control were dismissed.

received a sentence of seven years at Lorain Correctional Institution, plus three years of post-release control and was ordered to pay $2,460.00 in restitution. In his petition, Jones asserted eleven grounds for relief. In those eleven grounds for relief, Jones protests, generally: (1) that he was denied his right to appeal due to ineffective assistance of counsel; (2) that he was denied his right to appeal his sentence as a result of the trial court's failure to inform him of that right; and (3) that his sentence was violative of his Constitutional rights under the 5th, 6th and 14th Amendments.

The Magistrate Judge, after considering the arguments advanced by both sides, found that Jones's petition should be denied. According to the Magistrate Judge, federal review of Jones's claim is barred under the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A), which places a one year limitation on any application for a writ of habeas corpus. As the Magistrate Judge pointed out, the one-year period of limitation for Jones began to run on "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Jones pleaded guilty on March 14, 2002 and his conviction and sentence were journalized on March 19, 2002, he had thirty (30) days from the date that the judgment was journalized to file a timely notice of appeal. The date from which to calculate his one-year period of limitation, therefore, is April 19, 2002. *DiCenzi v. Rose*, 419 F.3d 493, 496 (6th Cir. 2005). Because Jones filed his petition for writ of habeas corpus on June 16, 2004, the Magistrate Judge correctly found that it was untimely.

The Magistrate Judge also found that Jones took no action that would toll the running of the statute during the limitations period and that Jones could not be granted relief on the ground that the trial court did not inform him of his right to appeal his sentence. According to the Magistrate Judge, whether there is a constitutional right to be informed of one's right to appeal

2

one's sentence, following an admission of guilt, is not very well-established and that pursuant to 28 U.S.C. §2254(e)(1), Jones's claim lacks a reliable factual underpinning.

Finally, the Magistrate Judge found that neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(D) would work to excuse Jones's delayed application. The Magistrate Judge based this finding on two facts. First, that Jones had failed to establish the factors for equitable tolling set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Second, that Jones had failed to establish a credible claim of actual innocence which would equitably toll the limitations period pursuant to *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

## II. Law & Analysis

Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court is required to review de novo the portion of the Magistrate Judge's Report to which a specific objection was made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing a general objection is akin to filing no objection at all. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999). The purpose of requiring specific objections is to focus the attention of the district court and thereby preserve judicial resources in accordance with the underlying policies of the Magistrate Act. *Id.* at 509.

Jones has made a number of vague objections which do little more than repeat the complaints he made to the Magistrate Judge. These objections duplicate "[t]he functions of the district court . . . as both magistrate and the district court perform identical tasks." *Id.* To that extent, Jones is not entitled to any review of his objections. *See id.*

Notwithstanding the vague nature of Jones's objections, this Court considers the following objections that it could distill from Jones's brief: (1) that he did not receive a transcript during his appeal; (2) that he did not receive a lawyer for his appeals; (3) that the trial court failed

3

to inform him of his right to appeal; (4) that he received ineffective assistance from counsel; and

(5) that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year period of limitation should be

measured from the time that he learned he was able to appeal his sentence.

## A. Jones's First Objection

Jones first objects to the fact that he did not receive a transcript for his state appeals. The

court of appeals rejected Jones's request for a transcript because he had not demonstrated that the

trial court had refused to give him a transcript. Return of Writ, ECF Doc. # 11, Exhibit 11. An

appellant, in a post conviction appeal, does not have an unqualified right to a transcript at the

state's expense. *See United States v. MacCollom*, 426 U.S. 317, 322-323 (1976) (upholding the

constitutionality of a statute limiting the availability of free transcript in federal habeas corpus

actions); *Rickard v. Burton*, 2 Fed. Appx. 469, 470 (6th Cir. 2001) (noting that there is no

constitutional right to a free transcript to prepare for a post-conviction proceeding).

Even if Jones were to have a constitutional right to a free transcript, the court of appeal's

denial of this supposed right would not serve to extend the statute of limitations. 28 U.S.C.

§ 2244(d)(1) provides that the period of limitation begins to run on:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United State is removed, if
> the applicant was prevented from filing by such State Action;
>
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due dilligence.

*Id.*

4

Notwithstanding the fact that this Court has not recognized that Jones has a constitutional right to a transcript, Jones has not established that, if he had a transcript, he would have complied with 28 U.S.C. § 2244(d)(1). In other words, Jones must have been prevented from filing a timely application *as a result* of being denied a free transcript in order to establish a later date from which to measure the one-year limitation period. *See Dunker v. Bisonette*, 154 F.Supp.2d 95, 106 (D.Mass. 2001) (noting that 28 U.S.C. § 2244(d)(1)(B) requires a causal connection between the unconstitutional state action and being prevented from filing an application).

Here, Jones pleaded guilty on March 14, 2002, and his judgment of conviction and sentence was journalized on March 19, 2002. Jones did not petition any court for a free transcript until January 2, 2004. It can hardly be maintained his inability to receive a free transcript more than a year after his conviction caused him to file an untimely petition for a writ of habeas corpus.

### B. Jones's Second Objection

Jones's second objection is that he did not receive counsel for his post-conviction appeals. This objection fails on two grounds. First, just as lack of a transcript more than a year after his conviction could not have caused his initial delay, neither could the lack of counsel for post-conviction review have caused his initial delay. Second, there is no constitutional right to counsel for collateral attacks of one's sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lopez v. Wilson*, 426 F.3d 339, 354 (6th Cir. 2005).

### C. Jones's Third and Fourth Objections.

Jones's third and fourth objections deal with the alleged failure of the trial court and his lawyer to inform him of his right to appeal his sentence. There is, however, is no constitutional right to an appeal. *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (noting that a state is not

5

required by the Constitution to provide appellate courts or a right to appellate review). And although the State of Ohio provides a right to appeal one's sentence, this right is present in only a few situations, *see generally* Ohio Revised Code § 2953.08, and Jones fails to assert on what limited grounds he would have a right to appeal his sentence. It stands to reason that if Jones cannot establish that he had a right to an appeal under Ohio law, he cannot be heard to complain that neither the trial court nor his lawyer informed him of such a right. Thus, Jones has failed to establish that the one-year period of limitation should be measured according to 28 U.S.C. § 2244(d)(1)(B).

### D. Jones's Fifth Objection

Jones's fifth objection is that the one-year period of limitations should be measured by 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year period of limitations is measured from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Jones asserts that he could not learn about his ineffective assistance of counsel claims until he learned that he had a right to appeal. This objection, however, fails for two reasons. First, Jones has indicated that he believed his counsel was ineffective for reasons other than his failure to inform Jones of his right to appeal, i.e., he alleged that his counsel should have conducted more discovery. Second, Jones's objection fails for a more fundamental reason in that he has failed to establish that he had any right to an appeal.[2] If Jones had no right to an appeal, then there is no way he could complain about his attorney's failure to inform him of such a right. Jones's failure, then, is not his lack of diligence

---

[2] In fact, the state appellate court commented that Jones had failed to establish that he had any rights under Ohio Revised Code § 2953.08, which was the reason the appellate court could not establish a failure of the trial court to follow Ohio Criminal Rule 32(B). *Cf. State v. White*, 2003 WL 22451372 (Ohio App. 9 Dist.) (saying that there was no violation of Ohio Criminal Rule 32(B) where the trial court did not tell the defendant of a right to appeal because the defendant had no rights under Ohio Revised Code § 2953.08).

6

in investigating the factual predicate of his claim; rather, his failure is in identifying a factual

predicate for his claim in the first place.

### III. Conclusion

For the reasons set forth herein, this Court ADOPTS the Report of the Magistrate Judge

in its entirety. Jones is barred from seeking federal review as a result of 28 U.S.C. § 2244

(d)(1)(A). His petition, therefore, is DISMISSED.


IT IS SO ORDERED.

March 20, 2006                                     s/John R. Adams
Date                                              John R. Adams
                                                  U.S. District Judge

7